TOBIAS, J.,
Concurring.
U respectfully concur.
A party to a lawsuit must specifically plead the peremptory exception of prescription; a court may not take cognizance that a case is prescribed on its own motion.' La. C.C.P.' art. 927 B. Thus the plaintiff/appellant was within her right to file the suit even though on its face the case may appear prescribed.
In the case at bar, the plaintifi/appellant has specifically pled that the doctrine of contra non valentem agree nulla currit praescriptio applies to suspend the libera-tive prescription. That doctrine embraces four possible scenarios: (1) when there is a legal cause that prevented courts, or their officers from taking cognizance of or acting on the plaintiffs action; (2) when there is a condition coupled with the contract or connected with the proceeding that prevent the creditor from suing or acting; (3) when the debtor himself did some act that effectually prevented the creditor from availing himself of his cause of action; and (4) when the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Hendrick v. ABC Ins. Co., 00-2403 (La.5/15/01), 787 So.2d 283, 289, citing Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319, 1321-22 (La.1979).
| ¡/The plaintiff/appellant clearly knew in April 2000 of the existence of the purported libelous statement, although she did not know the specifics. Knowledge of the existence of a potentially libelous statement is sufficient as a matter of law to commence the running of the La. C.G. art. 3492 one-year liberative prescriptive period, obligating the “creditor” (the plaintiff/appellant) to investigate further the *198 contents of the statement. The plain-fifi/appellant contends that she was prevented from learning the contents of the statement until she was granted standing on 5 May 2003 to proceed with her action to remove the defendant/appellee as Emily Greenblatt’s curator. The record before us does not clearly explain why she had to be granted standing to seek the removal of the defendant/appellee as curator in light of the specific provisions of La. R.S. 9:1025.
Unless stipulated by the parties to the suit that the matter will be tried on affidavits or stipulations of facts, a person has a right to have live witnesses testify at the trial of an exception of prescription. In the case at bar, the plaintifl/appellant wished to call live witnesses who were present in court, but the trial court did not permit it. We do not know from the record on appeal precisely what those witnesses would have said if permitted to testify and the plaintiff/appellant did not proffer their testimony. (It is theoretically possible that the plaintiffiappellant’s witnesses would give credible testimony that falls with in the second or third category of contra non valentem that suspended prescription.) But in the absence of a proffer of what the two witnesses would have said if permitted to testify, this court is required as a matter of law to affirm the trial court’s ruling, because the appellant has failed to show what evidence would be produced to show that the doctrine of contra non válentum applies. See La. C.E. art. 103 A(2).